STILLWATER HYDRO PARTNERS, LP, Appellant, v STILLWATER HYDRO ASSOCIATES, LLC, Respondent. [953 NYS2d 541]—

Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered August 15, 2011 in a declaratory judgment action. The order, insofar as appealed from, denied plaintiff's motion for summary judgment.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, and judgment is granted in favor of plaintiff as follows:

It is adjudged and declared that defendant is not entitled to the use of the escrow funds to pay for the cost of replacing the trash rack cleaner.

Memorandum: Plaintiff appeals from an order denying its motion seeking summary judgment in this declaratory judgment action. We agree with plaintiff that Supreme Court erred in denying the motion. The parties entered into an asset purchase agreement (APA) for defendant's purchase of a hydroelectric plant from plaintiff. The APA included an escrow agreement as security for the performance of the APA. At issue is whether defendant is entitled to the use of the escrow funds of $75,000 to pay for the cost of replacing the trash rack cleaner, which became inoperable within six months after the closing. It is axiomatic that "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Here, although the parties correctly agree that the APA is unambiguous, they disagree with respect to the "plain meaning of its terms" (*Greenfield*, 98 NY2d at 569). Paragraph 3.2 states in relevant part: "**Suitability of Assets: Disclaimer**. *Subject to matters set forth in Schedule 3.2*, the Purchased Assets . . . are suitable for the purposes for which they have been operated . . . and to Seller's Knowledge are not currently in need of replacement or material repair" (italicized emphasis added). Schedule 3.2 states in relevant part: "Trash rack cleaner is also wearing out and may need replacement." We conclude that, by its terms, the APA excludes from the warranty of suitability the matters set forth in schedule 3.2, including the trash rack cleaner at issue. Present—Scudder, P.J., Fahey, Carni, Valentino and Martoche, JJ.